**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| **MIKE BARNES** | § | |
| | § | |
| **v.** | § | **A-13-CA-916 LY** |
| | § | |
| **TEXAS ETHICS COMMISSION** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are Defendant's Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. #8); Plaintiff's Response (Dkt. #11); and Defendant's Reply (Dkt. #13). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the parties' filings, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

## I. GENERAL BACKGROUND

In the Spring of 2011, Plaintiff Mike Barnes ("Barnes") ran for a Blanco Independent School District ("Blanco ISD") school board position and lost. Barnes alleges that during the school board campaign, three Blanco ISD school employees either emailed, printed flyers or fund-raised during school hours and/or using school resources in violation of the Texas Election Code and the Texas Education Code. Almost two years later, on March 1, 2013, Barnes sent letters to the Texas Ethics

Commission ("Commission"),[1] the Texas Education Agency, and the Secretary of State, to inquire about how to make a formal complaint regarding the three school employee's alleged violations of state law.

On March 15, 2013, the Commission responded to Barnes's letter inquiry advising him that its enforcement jurisdiction extended only to possible violations of the Texas Election Code. The Commission also explained how to make a complaint using the required sworn complaint and affidavit forms and noted the applicable limitations period of two years for the violations Barnes alleged. On April 10, 2013, Barnes then sent three sworn complaints and affidavits to the Commission against the three Blanco ISD employees. However, the Commission issued Notices of Noncompliance for each of these complaints and again advised Barnes how to file a complying complaint. Barnes sent several more letters/complaints to the Commission urging reconsideration of his three complaints, but the Commission declined to reconsider whether to investigate his complaints.

In response to the Commission's failure to investigate his complaints, Barnes filed this lawsuit under 42 U.S.C. § 1983 alleging that "[t]he practice of the Texas Ethics Commission to make it difficult if not impossible to file a complaint and have it investigated is a violation of Barnes['] rights, pursuant to both the United States and Texas Constitutions." First Amended Complaint at ¶53. Specifically, Barnes alleges that the Commission (1) violated his right to redress his grievances before a government entity in violation of the First and Fourteenth Amendments to the Unites States

---

[1]The Commission administers and enforces Title 15 of the Texas Elections Code which concerns political contributions and expenditures, and political advertising. TEX. GOV'T CODE ANN. § 571.061(a)(3) (West 2012). As part of administering the Elections Code, the Commission is charged with receiving individuals' complaints for possible investigation of purported illegal use of public funds to engage in political advertising. TEX. ELECTIONS CODE ANN. § 251.003; Tex. Ethics Comm'n R. 20.1(13) (defining "political advertising").

Constitution, and (2) failed "to have a complaint process affording a citizen the ability to have their right to file a complaint and have it investigated without unnecessary barriers," in violation of the Open Courts and Due Course of Law provisions of the Texas Constitution, Article I, Sections 13 and 19. Barnes seeks declaratory relief, injunctive relief, and an unspecified amount of monetary damages, attorney's fees and costs.

On February 10, 2014, the Commission filed the instant Motion to Dismiss arguing that Barnes' lawsuit should be dismissed for lack of subject matter jurisdiction and failure to state any claims for relief which can be granted.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert a lack of subject-matter jurisdiction as a defense to suit. Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing subject-matter jurisdiction by a preponderance of the evidence rests with the party seeking to invoke it. *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008). In evaluating a challenge to subject-matter jurisdiction, the Court is free to weigh the evidence and resolve factual disputes so that it may be satisfied jurisdiction is proper. *See Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004). In conducting its inquiry, the Court may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Id.* The Court must take the allegations in the complaint as true and draw all inferences in the plaintiff's favor. *Saraw P'ship v. United States*, 67 F.3d 567, 569 (5th Cir. 1995); *Garcia v. United States*, 776 F.2d 116, 117 (5th Cir.

1985). Dismissal is warranted if the plaintiff's allegations, together with any undisputed facts, do not establish the Court has subject-matter jurisdiction. *See Saraw*, 67 F.3d at 569; *Hobbs v. Hawkins*, 968 F.2d 471, 475 (5th Cir. 1992).

**B. Rule 12(b)(6)**

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

## III. ANALYSIS

**A. Eleventh Amendment Immunity**

The Court will address the Rule 12(b)(1) immunity arguments first. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits."), *cert. denied*, 536 U.S. 960 (2002). The Commission argues

that Barnes' claims under the Texas Constitution should be dismissed for lack of subject matter jurisdiction because such claims against a state entity are barred under the Eleventh Amendment to the United States Constitution. Inexplicably, the Commission fails to argue that the entire lawsuit is barred under the Eleventh Amendment.

The Eleventh Amendment provides: "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. The Eleventh Amendment codified the sovereign immunity of the states. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997). Thus, federal courts are without jurisdiction over suits against a state, a state agency, or a state official in his official capacity unless that state has waived its sovereign immunity or Congress has clearly abrogated it. *Id.*; *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 55 (1996). The Parties agree[2] that the Texas Ethics Commission is an agency of the State of Texas and that no waiver[3] applies. *See* TEX. GOV'T CODE ANN. § 571.001 (West 2012); *Hoyt v. City of El Paso,* 878 F. Supp.2d 721, 735 n.14 (2012) ("The Texas Ethics Commission is a state government agency...").

However, Barnes, citing *Ex Parte Young*, 209 U.S. 123 (1908), asserts that the Eleventh Amendment does not apply to his claims because he is seeking prospective injunctive relief against the Commission. Barnes' attempt to avoid the Eleventh Amendment on this basis is mistaken for two reasons. First, Eleventh Amendment immunity applies to all suits brought against "States and

---

[2]See Plaintiff's First Amended Complaint at ¶ 11 ("Defendant, the TEXAS ETHICS COMMISSION, is an agency established by the Texas Constitution...."); Plaintiff's Response to Motion to Dismiss at ¶ 20 ("The Texas Ethics Commission is a state agency....").

[3]See *Quern v. Jordan*, 440 U.S. 332, 341(1979) (stating that § 1983 does not "override the traditional sovereign immunity of the States").

their agencies . . . regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (citing *Cory v. White*, 457 U.S. 85, 90–91 (1982)). Second, *Ex Parte Young* only applies to suits for prospective relief against state officials; it "has no application in suits against. . .States and their agencies." *Id.*; *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 307 (5th Cir. 2001) ("*Ex parte Young* held that the Eleventh Amendment does not bar a suit against a state official who is alleged to be acting in violation of federal law."). Accordingly, all of Barnes' claims in this lawsuit are barred by the Eleventh Amendment. *See Lewis v. University of Texas Med. Branch at Galveston,* 665 F.3d 625, 630 (5th Cir. 2011) (holding that university as a state agency was entitled to immunity from § 1983 suit despite fact that plaintiff was seeking prospective injunctive relief); *Cox v. Texas*, 354 F. App'x 901, 2009 WL 4410942 at *2 (5th Cir. 2009) (holding that plaintiff's state law and § 1983 claims against state agency were barred under the Eleventh Amendment). Accordingly, the Texas Ethics Commission is immune from the instant lawsuit and this lawsuit must be dismissed in its entirety. Given this conclusion, the Court need not address Defendant's arguments under Rule 12(b)(6).

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Texas Ethics Commission's Motion to Dismiss (Dkt. #8) and **DISMISS** Mike Barnes' lawsuit against the Texas Ethics Commission pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## V. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are

being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 21st day of August, 2014.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE