**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MIKE BARNES** | § | |
| | § | |
| **v.** | § | **A-13-CA-916 LY** |
| | § | |
| **TEXAS ETHICS COMMISSION AND** | § | |
| **NATALIA LUNA ASHLEY AND** | § | |
| **DAVID A. REISMAN, IN THEIR** | § | |
| **INDIVIDUAL CAPACITY** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant Texas Ethics Commission's Motion to Dismiss Plaintiff's Third Amended Complaint Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (Dkt. No. 32); Defendant Natalia Ashley and David Reisman's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. No. 39); Plaintiff's Consolidated Response (Dkt. No. 43); and Defendants' Reply in Support of their Motions to Dismiss (Dkt. No. 44). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Having reviewed the parties' filings, the entire case file, and the applicable law, the Court enters the following Report and Recommendation.

## I. GENERAL BACKGROUND

In the Spring of 2011, Plaintiff Mike Barnes ("Barnes") ran for a Blanco Independent School District ("Blanco ISD") school board position and lost. Barnes alleges that during the school board campaign, three Blanco ISD school employees either emailed, printed flyers or fund-raised during

school hours and/or using school resources in violation of the Texas Election Code and the Texas Education Code.  Almost two years later, on March 1, 2013, Barnes sent letters to the Texas Ethics Commission ("Commission"),[1] the Texas Education Agency, and the Secretary of State, to inquire about how to make a formal complaint regarding the three school employee's alleged violations of state law.

On March 15, 2013, the Commission responded to Barnes's letter inquiry advising him that its enforcement jurisdiction extended only to possible violations of the Texas Election Code.  The Commission also explained how to make a complaint using the required sworn complaint and affidavit forms and noted the applicable limitations period of two years for the alleged violations. On April 10, 2013, Barnes then sent three sworn complaints and affidavits to the Commission against the three Blanco ISD employees.  However, the Commission issued Notices of Noncompliance for each of these complaints and again advised Barnes how to file a complying complaint.  Barnes sent several more letters/complaints to the Commission urging reconsideration of his three complaints, but the Commission declined to reconsider whether to investigate his complaints.

In response to the Commission's failure to investigate his complaints, Barnes filed this lawsuit under 42 U.S.C. § 1983 against the Commission alleging that "[t]he practice of the Texas Ethics Commission to make it difficult if not impossible to file a complaint and have it investigated

---

[1]The Commission administers and enforces Title 15 of the Texas Elections Code which concerns political contributions and expenditures, and political advertising. TEX. GOV'T CODE ANN. § 571.061(a)(3) (West 2012).  As part of administering the Elections Code, the Commission is charged with receiving individuals' complaints for possible investigation of purported illegal use of public funds to engage in political advertising. TEX. ELECTIONS CODE ANN. § 251.003; Tex. Ethics Comm'n R. 20.1(13) (defining "political advertising").

is a violation of Barnes['] rights, pursuant to both the United States and Texas Constitutions."  Dkt. No. 5 at ¶53.

On February 10, 2014, the Commission filed a Motion to Dismiss arguing that Barnes' First Amended Complaint should be dismissed for lack of subject matter jurisdiction and failure to state any claims for which relief can be granted.  The undersigned recommended that the District Court grant the Motion to Dismiss for lack of subject matter jurisdiction based on the doctrine of sovereign immunity.  Dkt. No. 14.  On September 18, 2014, the District Court adopted the Report and Recommendation, but granted Barnes leave to file a Second Amended Complaint.  Dkt. No. 16.  On October 29, 2014, Barnes filed a Motion for Leave to file a Third Amended Complaint, which the District Court granted on November 5, 2014.  Dkt. No. 27.  The Third Amended Complaint is therefore the "live" pleading in the case.

In addition to naming the Commission as a defendant, Barnes' Third Amended Complaint also names as defendants Natalia Luna Ashley, Executive Director of the Commission, and David A. Reisman, former Executive Director of the Commission.  Barnes alleges that the Defendants (1) violated his right to redress his grievances before a government entity in violation of the First and Fourteenth Amendments to the Unites States Constitution, and (2) "failed to assure the complaint process affords a citizen the ability to have their right to file a complaint and have it investigated without unnecessary barriers," in violation of the Open Courts and Due Course of Law provisions of the Texas Constitution, Article I, Sections 13 and 19.  Dkt. No. 28 at ¶78.  Barnes further alleges that "Defendant Reisman, as Executive Director of the Texas Ethics Commission, in his Individual Capacity, has set into place a pattern and practice of purposefully putting up barriers to citizens, when attempting to effectuate their legal right to file a complaint about an election," and that "Defendant Ashley continues to maintain such violations of constitutional, statutory and regulatory

3

law." Dkt. No. 28 at ¶ 67.  In addition to seeking monetary damages, attorney's fees and costs, Barnes also seeks a declaration that Reisman is a responsible party and that "the laws, rules and practices of the Texas Ethics Commission violate substantive and procedural law." He also asks that the Court order Defendant Ashley and the Commission to investigate his complaints and "change their policies and practices in place that impeded the investigation of complaints about elections but rather, has policies and practices in place, that foster such investigations." Dkt. No. 28 at p. 17-18.

The Commission and the Individual Defendants have each filed Motions to Dismiss arguing that Barnes' Third Amended Complaint should be dismissed for lack of subject matter jurisdiction and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.  STANDARDS OF REVIEW

### A.      Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a party to assert lack of subject-matter jurisdiction as a defense to suit.  Federal district courts are courts of limited jurisdiction, and may only exercise such jurisdiction as is expressly conferred by the Constitution and federal statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A federal court properly dismisses a case for lack of subject matter jurisdiction when it lacks the statutory or constitutional power to adjudicate the case.  *Home Builders Assn. of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), *cert. denied*, 536 U.S. 960 (2002).  "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*  In ruling on a Rule 12(b)(1) motion, the court may consider any one of the following: (1) the complaint alone; (2) the complaint plus undisputed facts evidenced in

the record; or (3) the complaint, undisputed facts, and the court's resolution of disputed facts. *Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B.      Rule 12(b)(6)**

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted."  While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also, Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007).  A plaintiff's obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  The Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009).

Although this Court construes the briefs of *pro se* litigants liberally, a *pro se* litigant must still comply with the court rules of procedural and substantive law.  *Bird v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).  *See also*, *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[R]egardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.") (internal quotation marks and citations omitted), *cert. denied*, 537 U.S. 1200 (2003).

Courts must consider a Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.  *Ramming*, 281 F.3d at 161.  Considering Rule 12(b)(1) motions first "prevents a court without jurisdiction from  prematurely dismissing a case with prejudice." *Id.*

## III.  ANALYSIS

### A.  The Texas Ethics Commission's Motion to Dismiss

The Commission  argues that Barnes' lawsuit must be dismissed for lack of subject matter jurisdiction because it is barred by Eleventh Amendment/sovereign immunity.[2]  The Court agrees.

The Eleventh Amendment states:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. Amend. XI.  "Sovereign immunity is the privilege of the sovereign not to be sued without its consent." *Virginia Office for Protection and Advocacy v. Stewart,* 131 S.Ct. 1632, 1638 (2011).  Absent a waiver or valid abrogation, "federal courts may not entertain a private person's suit against a State."  *Id*. at 1638.  It is well-established that sovereign immunity applies not only to actions where a state is actually named as a defendant, but also to "ceratin actions against state agents and state instrumentalities."  *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997).  Barnes does not dispute that the Texas Ethics Commission is an agency of the State of

---

[2]While sovereign immunity is often referred to as "Eleventh Amendment immunity," the Supreme Court has noted that such a phrase is "something of a misnomer, for the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment." *Alden v. Maine*, 527 U.S. 706, 713 (1999).  As the Supreme Court explained in *Alden*, "the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today. . . ." *Id.*  Regardless, courts continue to use "Eleventh Amendment immunity" and "sovereign immunity" interchangeably.

Texas. *See* Dkt. No. 43 at ¶27 ("The Texas Ethics Commission is a state agency..."); *see also,* TEX. GOV'T CODE ANN. § 571.001; *Hoyt v. City of El Paso,* 878 F. Supp.2d 721, 735 n.14 (2012) ("The Texas Ethics Commission is a state government agency. . .").

Relying on *Ex Parte Young*, 209 U.S. 123 (1908), Barnes argues that sovereign immunity does not preclude his claims because he is seeking prospective injunctive relief against the Commission. Barnes is mistaken. Sovereign immunity applies to all suits brought against "States and their agencies . . . regardless of the relief sought." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, *Inc.*, 506 U.S. 139, 146 (1993) (citing *Cory v. White*, 457 U.S. 85, 90–91 (1982)). *Ex Parte Young* only applies to suits for prospective relief against state officials; it "has no application in suits against. . .States and their agencies." *Id.*; *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 307 (5th Cir. 2001) ("*Ex parte Young* held that the Eleventh Amendment does not bar a suit against a state official who is alleged to be acting in violation of federal law."). Because the Commission has not waived its sovereign immunity in this case, all of Barnes' claims against the Commission are barred by sovereign immunity. *See Quern v. Jordan*, 440 U.S. 332, 341(1979) (stating that § 1983 does not "override the traditional sovereign immunity of the States"); *Lewis v. University of Texas Med. Branch at Galveston,* 665 F.3d 625, 630 (5th Cir. 2011) (university is state agency entitled to immunity from § 1983 suit despite request for prospective injunctive relief). Accordingly, the Texas Ethics Commission's Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) should be granted.

**B.     Individual Defendants and Qualified Immunity**

Barnes also brings claims against Natalia Luna Ashley, Executive Director of the Commission, and David A. Reisman, former Executive Director of the Commission, seeking

monetary damages "in an amount sufficient to fully compensate him" for the alleged injuries he received.[3] Dkt. No. 28 at p. 21. Barnes alleges that "Defendant Reisman, as Executive Director of the Texas Ethics Commission, in his Individual Capacity, has set into place a pattern and practice of purposefully putting up barriers to citizens, when attempting to effectuate their legal right to file a complaint about an election," and that "Defendant Ashley continues to maintain such violations of constitutional, statutory and regulatory law." Dkt. No. 28 at ¶ 67. Specifically, Barnes alleges that the Reisman and Ashley (1) violated his right to redress his grievances before a government entity in violation of his First and Fourteenth Amendment rights to the Unites States Constitution, and (2) failed "to have a complaint process affording a citizen the ability to have their right to file a complaint and have it investigated without unnecessary barriers," in violation of the Open Courts and Due Course of Law provisions of the Texas Constitution, Article I, Sections 13 and 19.

Because any claim against Ashley and Reisman in their official capacities would be barred by sovereign immunity,[4] Barnes only sues Ashley and Reisman in their individual capacities. Both Ashley and Reisman contend the suit should be dismissed based on their qualified immunity. "The

---

[3]Given the thanklessness of a school board position, one might view Barnes' defeat as having *saved* him from injury, but that is an issue for another day.

[4]"[A] suit against a state official in his official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment." *Chaney v. Louisiana Work Force Commission*, 560 F. App'x 417, 418 (5th Cir. 2014) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). Furthermore, while the Eleventh Amendment does not preclude suits against state officers for prospective injunctive relief, *Ex parte Young*, 209 U.S. 123 (1908), it does prevent a federal court from awarding retroactive relief. *See Edelman v. Jordan*, 415 U.S. 651 (1974). Barnes is seeking retroactive relief in this lawsuit since he is seeking damages to compensate for past injuries and requests an investigation into his previous complaints regarding the school board election. *See Students for a Conservative America v. Greenwood*, 378 F.3d 1129, 1130 (9th Cir. 2004) (holding that request for new election was not a request for prospective injunctive relief and thus was barred by the Eleventh Amendment).

doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing: (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct.  *Harlow*, 457 U.S. at 818.  "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. al-Kidd*, 131 S.Ct. 2074, 2083 (2011) (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).  Once the defense of qualified immunity has been raised, the burden shifts to the plaintiff to show that it does not apply.  *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 351 (5th Cir. 2012).  In determining whether immunity applies, a court may take up the two issues in whichever order is merited by the case, and need not answer both questions if one is lacking.  *Pearson v. Callahan*, 555 U.S. 223, 237 (2009).

As noted, Barnes alleges that Reisman and Ashley violated his First and Fourteenth Amendment rights to "redress his grievances before a governmental entity" by failing to sufficiently investigate his complaints regarding the Blanco ISD School Board election. Dkt. No. 28 at p. 15. Barnes has failed to allege facts showing that his constitutional rights were violated.

1.    **First Amendment Claim**

The First Amendment to the United States Constitution provides: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the

freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend. I.  "The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. And it protects the right of associations to engage in advocacy on behalf of their members."  *Smith v. Arkansas State Highway Emp., Local 1315*, 441 U.S. 463, 464 (1979).  "The government is prohibited from infringing upon these guarantees either by a general prohibition against certain forms of advocacy, . . .or by imposing sanctions for the expression of particular views it opposes." *Id.*  However, "[t]he First Amendment right to associate and to advocate 'provides no guarantee that a speech will persuade or that advocacy will be effective.'" *Id.* (quoting *Hanover Township Federation of Teachers v. Hanover Community School Corp.*, 457 F.2d 456, 461 (1972)).  While the citizen "can associate and speak freely and petition openly. . .the First Amendment does not impose any affirmative obligation on the government to listen, [or] to respond [to]" that petition.  *Smith,* 441 U.S. at 465.  Accordingly, citizens "have no constitutional right as members of the public to a government audience for their policy views." *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271, 286 (1984).

Barnes' own allegations show that he was able to exercise his First Amendment rights in this case.  Barnes sent numerous complaints to the Commission complaining about the Blanco ISD school board election.  The fact that he was unhappy with the Commission's response to his complaints does not demonstrate that his First Amendment right to petition was violated.  *See Smith*, 441 U.S. at 465-66 (holding that State Highway Commission's refusal to consider a grievance did not violate First Amendment); *We the People Foundation, Inc. v. United States*, 485 F.3d 140, 143-44 (D.C. Cir. 2007) (relying on *Smith* to reject citizen group's argument that the First Amendment

guarantees a citizen's right to receive a government response to or official consideration of a petition for redress of grievances), *cert. denied*, 552 U.S. 1102 (2008); *Taylor v. Cockrell*, 92 F. App'x 77, 78 (5th Cir. 2004) (holding that plaintiff's claims "that the defendant violated his constitutional rights by failing to investigate his grievances fall short of establishing federal constitutional claim."). Barnes has failed to allege a violation of his First Amendment rights.

### 2.    Fourteenth Amendment Claim

Although Barnes states a separate Fourteenth Amendment claim, that claim merely reiterates his First Amendment right to redress claim. *See* Dkt. No. 28 at ¶ 75.   While the Fourteenth Amendment makes the First Amendment applicable to the States, *Stromberg v. California*, 283 U.S. 359, 368 (1931), Barnes has failed to allege a separate viable due process claim under the Fourteenth Amendment.   "In order for a person to have a procedural due process claim that damages or other relief can remedy, he must have been denied life, liberty, or property protected by the Fourteenth Amendment." *Wilson v. Birnberg*, 667 F.3d 591, 597 (5th Cir.), *cert. denied*, 133 S.Ct. 32 (2012). As noted, Barnes fails to show that his First Amendment right was violated by the Commission's alleged failure to thoroughly investigate his complaints.   Barnes has failed to allege that he was denied a right specifically protected by the due process clause.   *See Snowden v. Hughes*, 321 U.S. 1, 7 (1944) (The "unlawful denial by state action of a right to state political office is not a denial of a right of property or liberty secured by the due process clause."); *Wilson*, 667 F.3d at 598 (holding that prospective candidate whose name was not placed on ballot did not have a property interest in public office protected by procedural due process).   Barnes is merely complaining about how the Commission responded to his complaints about the school board election, which does not rise to the level of a Fourteenth Amendment due process violation.

Because Barnes has failed to allege any tenable constitutional claim against Reisman or Ashley, they are entitled to qualified immunity.

**3.** **State Constitutional Claim**s

Barnes also contends that Defendants Ashley and Reisman violated the Open Courts and Due Course of Law provisions of the Texas Constitution, Article I, Sections 13 and 19, further contends that the Commission applied the wrong statute of limitations under Texas law. Because the Court recommends the dismissal of all of Barnes' federal claims, pursuant to 28 U.S.C. § 1367(c), the Court recommends that the district judge decline to exercise jurisdiction over Barnes' remaining state claim. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

## IV.  RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendant Texas Ethics Commission's Motion to Dismiss (Dkt. No. 8) and **DISMISS** Mike Barnes' lawsuit against the Texas Ethics Commission pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The Court **FURTHER RECOMMENDS** that the District Court **GRANT** Defendants Natalia Ashley and David Reisman's Motion to Dismiss Plaintiff's Third Amended Complaint (Dkt. No. 39) based on qualified immunity. The Court **FURTHER RECOMMENDS** that the District Court **DISMISS** this lawsuit in its entirety and **DENY** Mike Barnes leave to amend his Complaint for a fourth time.

12

## V. WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985);  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of May, 2015.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE